IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRACY SOULLIERE o/b/o
N. N. S., A Minor                                                              PLAINTIFF

      v.                                   CIVIL NO. 09-2128

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff, Tracy Soulliere, appealed the Commissioner's denial of benefits to this court. On November 8, 2010, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 17. On January 27, 2011, plaintiff moved for an award of $3, 011.50 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 17.10 attorney hours for work before the court at an hourly rate of $165.00 and 3.80 paralegal hours at an hourly rate of $50.00. ECF No. 19-2. Defendant has filed a response, but has raised no objections to the amount of the fee requested. ECF. No. 20.

**EAJA Fees:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four

judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim. *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir.1989). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff's counsel requests attorney's fees under the EAJA at a rate of $165.00 an hour based on an increase in the cost of living. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds

3

that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit to his Motion and has presented evidence of an increase in the cost of living. Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit. Accordingly, we find that plaintiff's counsel is entitled to an award at the rate of $165.00 per hour.

Plaintiff's counsel has also requested compensation for paralegal time at the rate of $50.00 per hour. Accordingly, we find $50.00 per hour for paralegal work to be a reasonable rate. *See Richlin Security Service Company v. Chertoff,* 128 S.Ct. 2007 (U.S. 2008).

Next, we will review counsel's itemization of services rendered. Plaintiff's counsel requests compensation for .30 attorney hours for signing the letters of service and a total of .80 paralegal hours for preparing and scanning in the affidavits of service. Unfortunately, the majority of this time cannot be compensated under the EAJA, as it required no legal expertise and could have been performed by any general member of counsel's staff. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). We will, however, grant

AO72A
(Rev. 8/82)

counsel .10 hours for signing the letters of service. Accordingly, .20 attorney hours and .80 paralegal hours must be deducted from the total compensable time sought by counsel.

In addition, counsel seeks 1.00 attorney hours for preparing the two page amended complaint that merely redacted the minor's name to initials; .10 hours for receiving, reviewing, and executing the consent forms; and, 2.00 paralegal hours for preparing the EAJA motion and supporting documentation. Being well-versed in the area of Social Security Law and having represented numerous clients before this Court, we do not believe it should have taken counsel or his paralegal this length of time to complete these tasks. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). Therefore, 0.55 attorney hours and 0.50 paralegal hours will be deducted from the total amount awarded.

Counsel also requests compensation for 13.60 attorney hours for reviewing the transcript and preparing plaintiff's brief. However, there were no unique or complex issues to be developed in this particular case, and the transcript was approximately 359 pages long. Plaintiff's counsel frequently represents social security plaintiff's before this court and should be well versed in social security law. Accordingly, we find that the time submitted for preparing this brief to be excessive. Therefore we are reducing the number of hours submitted for the preparation of plaintiff's brief to 12.00 hours.

Based on the above, we award plaintiff attorney fees under the EAJA for: 14.75 (17.10-2.35) attorney hours, at the rate of $165.00 per hour, and 2.50 (3.80-1.30) paralegal hours at an hourly rate of $50.00 for a total attorney's fee award of $2558.75. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account

at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

We note the Defendant has objected to counsel's request that the fee be awarded directly to him. On June 14, 2010, the Supreme Court held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010). Therefore, any EAJA award by this Court should be payable to plaintiff and not plaintiff's counsel.

IT IS SO ORDERED this 24th February 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)